NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1882.

## STAPLER v. HOFFMAN.

*In the matter of the estate of* CATHARINE KOLB, *deceased.*

The widow of a son of decedent's husband, by a former wife, has no stand-
ing in court to petition for the revocation of letters granted upon de-
cedent's will.

*It seems,* that a creditor of a decedent cannot, as such, make himself a party
to a contest over the probate of his will (Code Civ. Pro., § 2514, subd.
11; § 2617).

The passing upon the sufficiency of evidence in support of an alleged will
is a purely judicial act, which the court cannot delegate to any person.

A party who has successfully taken steps to obtain letters on a will, before
procuring a decree admitting it to probate, is not entitled to the entry
of such a decree, *nunc pro tunc,* since he cannot comply with the rule
requiring an applicant in such a case to show that the omission to enter
was due not to his own carelessness or misapprehension, but to some
act or omission of the court.

PETITION by Henry B. B. Stapler, in behalf of the widow
of Jacob Kolb, for the revocation of letters of administra-
tion, with the will of decedent annexed, issued to Nicholas
Hoffman, legatee thereunder.

STAPLER & WOOD, *for petitioner.*

MICHAEL C. GROSS, *for N. Hoffman.*

THE SURROGATE.—The decedent was the second wife
of Peter Kolb and survived him. By his first wife, Peter
had a son Jacob, now deceased, to whom, by his will, he
gave certain real estate, after the termination of a life in-
terest which he devised to this decedent. A paper, pur-

porting to be the will of Catharine, was offered for probate
in this court in November last.    The subscribing wit-
nesses to this instrument were examined by one of the
clerks in the Surrogate's office, and blank forms, such as
are ordinarily used when there is no contest over the pro-
bate of a will, were duly filled up, in accordance with the
statements made by such witnesses.   After this had been
done, the attorney for one Nicholas Hoffman, claiming
to be the decedent's sole legatee, applied to another clerk
for letters of administration with the will annexed, being
assured that, as the proofs of the will seemed abundant,
and as no objections thereto had been interposed, a decree
admitting the same to probate would be straightway en-
tered in due course of business.    The letters were pre-
pared in proper form, were signed by the late Surrogate,
and were issued to the applicant.    But the instrument
propounded as the will has never been admitted to pro-
bate.  It appears that, after its subscribing witnesses had
been examined, notice of an intention to contest its val-
idity was sent to the Surrogate's office, and a memoran-
dum of that fact was made upon the papers.   The depo-
sitions of the witnesses do not purport to be sworn to,
though it is alleged, and is not disputed, that oaths were
in fact administered by the assistant of the Surrogate
who customarily attends to that duty.   Neither the ad-
ministrator nor his counsel were advised of the fact that
no decree had been entered admitting the will to probate,
or that any person intended to contest its validity until
June last, when the present Surrogate ordered the holder
of the letters to show cause why the same should not be
revoked.    This order was issued upon the petition of the
widow of Jacob, who seems to claim, as such, an interest

in the estate, though neither she nor her husband were of kin to the decedent in any degree. It is evident that she has no standing in court to contest either the will or the grant of letters. It was not necessary to cite her upon the petition for probate (Code, § 2615), and she is not included among those who, though not cited, may make themselves parties (Code, § 2617). Her petition must therefore be dismissed.

In behalf of Hoffman, who holds letters of administration, I am asked to enter a decree *nunc pro tunc*, admitting the alleged will to probate. If the facts otherwise justified me in so doing, I should not be deterred by the objections which have been interposed by Henry Jacobi, who claims to be a creditor of decedent. A creditor cannot as such make himself a party to a contest over the probate of a will (Menzies v. Pulbrook, *2 Curteis, 845;* Elme v. DaCosta, *1 Phil., 173;* Dabbs v. Chisman, *1 Phil., 155;* Taff v. Hosmer, *14 Mich., 249*). Besides, it is expressly provided by section 2514, subdivision 11 of the Code, that the expression " person interested," where it is used in connection with an estate or fund, does not include creditors. And it is only " persons interested," who can become parties (Code, § 2617). But, even in the absence of any opposition on the part of a lawful contestant, I cannot grant this motion. There are well known limitations upon the authority of a court to enter a judgment *nunc pro tunc.* The party who asks it, in a case like the present, must show that he was absolutely entitled to its entry at the earlier date, and that the delay in entering it has been due, not to his own negligence, carelessness or misapprehension, but to some act or omission of the court (Fishmonger's Co. v. Robertson, *3 Com.*

*Bench, 970;* Freeman v. Tranah, *12 Com. Bench, 406;*
Evans v. Rees, *12 Adol. & Ellis, 175;* Gray v. Brignar-
dello, *1 Wall., 627*). Such is not the case here. At the
time when an application was made for the preparation
of letters of administration, no decree had been signed
admitting the will to probate. And the Surrogate, until
such decree was signed, had of course no authority to
issue letters. The passing upon the sufficiency of evi-
dence in support of an alleged will is a purely judicial
act, which cannot be delegated by the court to any other
person. Neither the applicant for letters nor his counsel
was justified in assuming, in advance, the determination
which the court would make in the premises. And no
steps should have been taken to procure the letters until
such determination was had. It does not appear that the
depositions, which attest the due execution of the paper
offered as a will, were even seen by the late Surrogate.
And if they were, it is not to be presumed that, in the
absence of jurats, he regarded them as satisfactory evi-
dence to support a decree. If the alleged will were to-
day, for the first time, offered for probate, these deposi-
tions would not, in their present condition, warrant my
giving it admission. While I might feel justified in
allowing the officer who administered the oaths to affix
his jurat, the practical situation would remain unchanged.
I cannot hold that, with these papers before him, even in
their corrected form, the Surrogate would in November
last have granted probate to this will, or that he ought to
have done so. The motion to enter a decree *nunc pro
tunc* is, therefore, denied.

The proofs should be again presented to the Surrogate,
and if the instrument here propounded is decreed to be

the last will of decedent, new letters can be applied for, in behalf of the present administrator, whose claim thereto is declared by section 2643 of the Code to be paramount to that of any other person.

Ordered accordingly.